UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CANDELLA MONIQUE LEDET**      **CASE NO. 6:23-CV-0276**

**VERSUS**      **JUDGE ROBERT R. SUMMERHAYS**

**U.S. WESTERN DISTRICT COURT OF TEXAS, ET AL**      **MAGISTRATE JUDGE AYO**

**REPORT AND RECOMMENDATION**

Pending before this Court is a complaint filed by pro se plaintiff Candella Monique Ledet. Doc. 1. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous.

### I. Statement of the Case

In her complaint, plaintiff alleges that Judge Orlando Garcia, Chief Judge of the United States District Court for the Western District of Texas, and United States Magistrate Judge Henry Bemporad violated her constitutional rights "to satisfy their own personal agenda." (Rec. Doc. 1, p. 4). She alleges that both judges are racist and abused their power in an employment discrimination suit brought by plaintiff. *Id*. She seeks one billion dollars in damages. *Id*.

### II. Law and Analysis

#### a. Frivolity Review

Plaintiff is not a prisoner; however, she is proceeding in forma pauperis. (Rec. Doc. 5). District courts have authority under Section 1915 to dismiss a complaint *sua sponte* where the complaint "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations

omitted); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id*.; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints). Although courts construe *pro se* filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.; cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.; see, e.g., Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

### b. Judicial Immunity

Plaintiff's claims against Judges Garcia and Bemporad stem from the fact that they were the presiding judges in a civil suit brought by plaintiff in the United States District Court for the Western District of Texas and, therefore, arise out of the performance of their judicial duties.

Judges enjoy absolute immunity for conduct performed in their judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 363 (1978). This immunity has only been abrogated in two instances — (1) when the alleged conduct was not judicial in nature or (2) when the conduct was judicial in

nature but taken in the complete absence of jurisdiction. *Id*. at 356-57. The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir.1985).

Plaintiff complains that her constitutional rights were violated when she sought relief in an employment discrimination suit, presided over by defendants Chief Judge Orlando Garcia and Magistrate Judge Henry Bemporad, but was ultimately "put on trial for a Class B misdemeanor case [she] was acquitted on." (Rec. Doc. 1, p. 4). She further alleges that she was not granted any leniency as a *pro se* litigant, "besides format and typographical corrections," and finally, she makes the conclusory allegation that the defendants were racist, in that "Orlando sided with the Hispanic attorney for the defendants and Henry sided with the white employee." *Id*.

As the claims against the judges of the Western District of Texas, and particularly Chief Judge Orlando Garcia and Magistrate Judge Henry Bemporad, meet the criteria set forth above, they are immune from suit and claims against them should be dismissed.

### III. Conclusion

Therefore,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion to Serve (Rec. Doc. 7) is **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 14th day of June, 2023.

_____
David J. Ayo
United States Magistrate Judge